IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00084-BO

| | | |
|---|---|---|
| YVETTE M. WHITLEY | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DVA HEALTHCARE RENAL INC.; and | ) | |
| ADELE M. CURTIS, | ) | |
| | ) | |
| *Defendants.* | ) | |

This is an employment discrimination and retaliation case. Before the Court is defendants DVA Renal Healthcare Inc. and Adele M. Curtis's motion to dismiss. [DE 11]. Also before the Court is plaintiff's motion to allow audio evidence in support of her claims. [DE 21]. For the following reasons, defendants' motion is granted, plaintiff's complaint is dismissed in its entirety, and plaintiff's motion to allow audio evidence is denied as moot.

I.
BACKGROUND

The Court derives the following statement of facts from plaintiff Yvette M. Whitley's complaint and the EEOC record it incorporates.[1] Whitley started working for DVA in 2017. On 23 January 2021, Whitley filed an EEOC charge ("-00823 charge") claiming discrimination based

---

[1] When evaluating a motion to dismiss, a court considers the pleading any materials attached or incorporated by reference. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 673 F.3d 435, 448 (4th Cir. 2011). Courts may consider an "attachment to a complaint or the motion to dismiss if integral to the complaint and authentic." *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016). In Title VII cases, the EEOC charge and notice of right to sue are integral because they are fundamental to threshold issues of timelines and administrative exhaustion. *Derrick v. Brightkey, Inc.*, No. JKB-21-0995, 2021 U.S. Dist. LEXIS 137956, at *10–11 (D. Md. Jul. 22, 2021) (unpublished).

on race and retaliation. That charge is not before the Court, but it serves as the premise for Whitley's retaliation claims that are.

After filing the -00823 charge on 23 January 2021, Whitley claims she was treated differently than coworkers who had not filed an EEOC charge: Whitley believes that DVA management and nurses told new hires not to interact with her; that her work was overly scrutinized; and that management "focused" on her. According to Whitley, her supervisor, Adele Curtis, targeted her over a six-month period. Curtis would take Whitley from her duties to "interrogate, harass, chastise, and defame" her. [DE 1-1]. Worse, Curtis would follow her in the clinic, even to the ladies' room and outside after work hours. Whitley claims that she was repeatedly humiliated in front of coworkers, patients, and other supervisors. Behind closed doors, she was called racially inappropriate names.

On 28 June 2021, DVA e-mailed Whitley a severance package. The next day, Whitley went to work for her scheduled shift, where she was told that she was "being discharged for making a chemical incorrectly." Whitley, however, "believe[s] this is pretext for illegal retaliation." [DE 12-1]. On 25 October 2021, Whitley filed an EEOC charge ("-02186 charge") alleging the same. On 20 September 2022, the EEOC determined that it would not investigate the -02186 charge; that day it issued a notice of right to sue letter. [DE 1-1]. In her complaint, Whitley represents that she received this letter on 30 September 2022.

On 18 January 2023, Whitley filed an action in Wake County District Court. [DE 1-1]. Whitley alleges defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, when DVA wrongfully terminated her employment in retaliation for her earlier charge, harassed her, and defamed her. Whitley claims her discharge was not only retaliation for filing an EEOC charge but also discrimination because of her race. [DE 1-1 at 2 -3]. On 17 February 2023,

2

defendant removed the action to this Court. [DE 1]. Soon after, defendants moved to dismiss Whitley's complaint, arguing, among other things, that Whitley failed to timely file her claims in federal court. [DE 11]. That motion has been fully briefed and is ripe for decision.

## II.
## DISCUSSION

Because Whitley is proceeding pro se, the Court construes her filings liberally and holds them to a less stringent standard than it would formal pleadings drafted by lawyers. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Still, a pro plaintiff must satisfy the obligation to state a plausible claim under the pleading standards. And it is not the Court's role to construct legal arguments for the plaintiff. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993)

A Rule 12(b)(6) motion to dismiss focuses on the pleading requirements under the Federal Rules. "Rule 8(a)(2) requires only a short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (cleaned up) (internal quotation marks and citations omitted). The complaint must show an entitlement to relief through more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See, e.g.*, *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020). The "[f]actual allegations must be enough to raise a right to relief about the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. That is, "[the] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

3

Because a Rule 12(b)(6) motion tests only the sufficiency of the complaint; "it does not . . . 'resolve contest surrounding the facts, the merits of a claim, or the applicability of defenses.' " *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "So the district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).

Defendants argue, among other things, that Whitley's claims are barred by Title VII's statute of limitations. Title VII mandates that an aggrieved employee file their civil action within 90 days of receiving their right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F.Supp.2d 421, 424 (D. Md. 2011) ("It is well settled that a person alleging claims under Title VII must file a lawsuit within 90 days of receipt of the notice of right to sue.").

"This ninety-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed." *Moyer v. Shirley Contr. Co., LLC*, No. 1:21-cv-00046, 2021 U.S. Dist. LEXIS 156388, at * 8–9 (E.D. Va. Aug. 18, 2021) (unpublished) (citing *Lewis v. Norfolk S. Corp.*, 271 F.Supp.2d 808, 811 (E.D. Va. 2003). This Court and others in the Fourth Circuit enforce this rule assiduously. *See, e.g.*, *Weaver v. Walgreen Co.*, No. 5:23-CV-00063, 2023 U.S. Dist. LEXIS 110777, at *3–4 (E.D.N.C. Jun. 26, 2023) (unpublished); *Stevens v. Elior Inc.*, No. 3:22-cv-00576, 2023 U.S. Dist. LEXIS 70522, at *6–7 (W.D.N.C. Apr. 24, 2023) (unpublished) (dismissing action filed outside window); *Plummer v. MGM Nat'l Harbor, LLC*, No. DKC 23-592, 2024 U.S. Dist. LEXIS 46825, at *6–9 (D. Md. Mar. 18, 2024) (unpublished) (same).

The EEOC issued Whitley's notice to sue on 20 September 2023. In her complaint, Whitley represents that she received that notice on 30 September 2023. Whitley filed her Title VII retaliation claims in Wake County on 18 January 2023, 110 days after Whitley received the notice and 120 days after the EEOC issued the notice. Standing alone these dates show that her claims are time barred. In response, Whitley argues only that she "did not see the e-mail until over a month after it had been sent due to never receiving notice by mail nor did [she] receive a call from the person/persons working on my case." [DE 20 at 4].

That Whitley claims to have not opened the EEOC's e-mail until long after it was issued is of no moment. The Fourth Circuit has long held that delivery of a right-to-sue letter triggers the limitations period even if the plaintiff doesn't actually receive the notice at that date. *See Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7.3d 40, 42 (4th Cir. 1993); *Harvey v. New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). E-mails are not excepted, *see Stewart v. Johnson*, 125 F.Supp.3d 554, 559–61 (M.D.N.C. 2015), nor is failing to read those e-mails an excuse, *see Wolfe v. WPS Health Sols., Inc.*, No. 4:20-CV-175, 2021 U.S. Dist. LEXIS 95670, at *6–9 (E.D. Va. Apr. 7, 2021) (unpublished). Furthermore, even where the date of actual notice of the right to sue is disputed or unknown, courts in this Circuit apply the three-day mailbox rule and presume notice three days after mailing. *See Wright v. Hertford Cnty. Bd. of Educ.*, No. 2:23-CV-30, 2024 U.S. Dist. LEXIS 39111, at *6 n.1 (E.D.N.C. Jan. 8, 2024) (unpublished) (commenting that "courts still apply the three-day mailbox to the 90 day EEOC filing period" despite a change in that Rule); *Moyer*, 2021 U.S. Dist. LEXIS 156388 at *9–10; *Plummer*, 2024 U.S. Dist. LEXIS 46825, at *8.

But recourse to the mailbox rule isn't necessary. Again, Whitley admits that she received the right-to-sue letter on 30 September 2023, placing her solidly outside § 2000e-5(f)(1)'s 90 day window. Accordingly, the Court grants defendants' motion to dismiss.

5

## III.
### CONCLUSION

For all these reasons, defendants' motion to dismiss [DE 11] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety as untimely. Plaintiff's motion to allow audio evidence [DE 21] is DENIED as moot. The Clerk is DIRECTED to close this case.

SO ORDERED, this **26** day of March 2024.

*Terrence Boyle*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6